**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2911-17T3

M.T.S. TOWING, INC.,

    Plaintiff-Appellant,

v.

TOWNSHIP OF UNION,

    Defendant-Respondent.

_____

Submitted February 4, 2019 – Decided February 25, 2019

Before Judges Sabatino and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Union County, Docket No. L-0242-16.

McKenna, DuPont, Higgins & Stone, PC, attorneys for appellant (William T. McGovern, on the briefs).

LaCorte, Bundy, Varady & Kinsella, attorneys for respondent (Robert F. Varady and Christina M. DiPalo, on the brief).

PER CURIAM

Plaintiff M.T.S. Towing, Inc. ("M.T.S.") appeals the trial court's February 2, 2018 order granting summary judgment to defendant Township of Union, and denying M.T.S.'s cross-motion for summary judgment. The trial court's order dismissed M.T.S.'s lawsuit, which alleged that the Township had improperly denied M.T.S. a license to tow disabled vehicles, when requested to do so by police within the municipality's borders. The license application was denied because M.T.S.'s facility is located outside of the two-mile radius prescribed by the Township's ordinance. We affirm.

I.

Pursuant to N.J.S.A. 40:48-2.49, municipalities in New Jersey are authorized to regulate by ordinance the removal of motor vehicles from private or public property by towing companies engaged in such a business, provided that the ordinance sets forth "non-discriminatory and non-exclusionary regulations." Based on that statutory authority, the Township adopted an ordinance with various provisions that allows towing companies to apply for and, if qualified, obtain licenses to perform such towing within the municipality.

In November 2000, the Township Committee adopted Ordinance 4663, which established Chapter 505 of the Township's Municipal Code. Section 505-1 of the Ordinance recites the purposes of the Ordinance as follows:

A-2911-17T3

The purpose of this chapter is to provide standards, regulations, and rates for police-requested towing and storage services requiring a response thereto by the licensees. It is the further purpose of this chapter to regulate these services from both a public safety perspective that would result in the quickest response time in good and bad weather, thereby minimizing waiting time both for police officers on scene and the removal of motor vehicle cars from the roadway as a result of an accident and from an administrative perspective to ensure compliance with the requirements and specifications of this chapter.

[(Emphasis added).]

The Ordinance requires that "[n]o police-requested towing shall operate within the Township of Union for police-requested towing services and/or storage services unless the operator has obtained a license issued by the Township." The term of each such towing license granted by the Township is three calendar years. Consistent with N.J.S.A. 40:48-2.49's "non-exclusionary" requirement, the licenses are not exclusive, and the record reflects the Township has issued licenses to multiple approved operators.[1] The Ordinance contains in Section 505-15 a fee schedule of towing and storage charges that the licensees are to charge the vehicle owners.

---

[1] Apparently the towing licenses in this Township are particularly lucrative because the assigned area includes portions of the Garden State Parkway.

Section 505-6 of the Ordinance addresses the Township's procedures for receiving applications by operators for towing licenses. In relevant part, it provides:

> A. Reference to Chief of Police. Applications received by the Township Clerk shall be referred within two business days to the Chief of Police for his review, along with a copy to the Township Attorney and the Business Administrator.
>
> B. Inspection; recommendations; disputes.
>
> (1) After such examination of the applications and such inspections as the Chief of Police, the Township Attorney and the Business Administrator may consider necessary to evaluate the applicant's compliance with and ability to continue to comply with the requirements of this section, the applications shall be returned to the Township Clerk with recommended approval or disapproval of each application by these individuals based upon his examination, inspection and evaluations.

Section 505-7(A) of the Ordinance confers upon the Township Committee the power to authorize such towing licenses, as follows:

> A. Authorization. The Township Committee shall at a public meeting by resolution authorize the issuance of a license to those who satisfy the requirements of this chapter, after consideration of the applications and the recommendations of the Chief of Police, the Township Attorney and the Business Administrator. Minor irregularities may be waived by the Township Committee.

4

Notably, the Ordinance does not define the term "minor irregularities" that the Township may choose to waive.

Section 505-11 sets forth detailed requirements for storage and garage facilities of each applicant. Among other things, Section 505-11 repeatedly states that the [operator's] storage and garage facilities "must be within two miles, by radius, of the Township of Union Police Department . . . or located within the established boundaries of the Township[.]" (Emphasis added). This two-mile radius requirement is one of the key aspects of this case. Additionally, Section 505-17 of the Ordinance designates the Chief of Police as the enforcer of the provisions of the Ordinance.

On or about July 29, 2015, M.T.S. filed an application with the Township for a towing license commencing in the 2016 license term. The application was timely filed with the Township Clerk. The Clerk forwarded M.T.S.'s application, along with those of four other applicants, to the Police Department.

The Police Chief's designee, Detective George Moutis, investigated each applicant. Detective Moutis issued an investigation report documenting the compliance or non-compliance of each applicant with Chapter 505 of the Ordinance.

5                                          A-2911-17T3

On December 7, 2015, all five investigation reports were completed. The reports were sent to the Township Clerk in accordance with customary procedures. The Township Clerk then conferred with the Township Attorney regarding the conclusions of the investigation reports provided by Moutis and accepted them as recommendations for the Township committee. The Township's Business Administrator was not involved in the decision-making process. Instead, he "count[ed] on the professionals that work for the [T]ownship." The Clerk then presented to the Township Council a municipal resolution that included the names of only those companies recommended to be granted a towing license under the Ordinance.

On December 8, 2015, the Township Committee adopted Resolution 2015-379 at a public meeting, granting towing licenses to three of the five applicants. M.T.S. was not one of them. M.T.S. had been rejected primarily[2] because its vehicle storage facility in Irvington was located outside of the municipal borders and was 2.75 miles from the police department, in violation of the two-mile-radius requirement. The next day, December 9, 2015, M.T.S.

---

[2] Because the distance requirement is dispositive in itself, we need not comment on other concerns about M.T.S discussed in the investigation report.

A-2911-17T3

was notified by letter that it had been denied the license, due to its non-compliance with the Township's Ordinance.

M.T.S. sued the Township in the Law Division, contending that the rejection of its license application was arbitrary, capricious and unreasonable and materially deviated from the application review procedures set forth in the Ordinance. After the parties conducted discovery, the Township moved for summary judgment. M.T.S. cross-moved for summary judgment as well. Thus, both parties agree there are no genuine disputed material issues of fact. See R. 4:46-2; Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

Following oral argument, Assignment Judge Karen M. Cassidy issued an oral opinion on February 2, 2018 granting the Township's motion and denying M.T.S.'s cross-motion. Among other things, Judge Cassidy concluded that the Township's rejection of M.T.S.'s application was neither arbitrary nor capricious in light of M.T.S.'s storage location beyond the geographic radius that the Ordinance prescribes. The judge emphasized in this regard the Ordinance's declared policy goal in Section 505-1 to have vehicles towed in "the quickest response time . . . thereby minimizing waiting time both for police officers on scene and the removal of motor vehicle[s] . . . from the roadway as a result of an accident[.]"

A-2911-17T3

The judge noted that another operator outside of the prescribed radius that had applied for a license had similarly been rejected. Moreover, the Township had enforced that geographic requirement for at least the past decade. The current two-mile radius apparently is the result of an amendment to the ordinance, which previously had prescribed an even shorter distance.

The judge was unpersuaded by M.T.S.'s procedural arguments. The judge noted that M.T.S.'s application had been reviewed by multiple Township officials and was found to be in non-compliance with the two-mile radius requirement.

The judge rejected M.T.S.'s argument that its .75-mile deviation was merely a minor irregularity. The judge concluded that Township officials had reasonably rejected M.T.S.'s application because of that clear deviation, without the need to present the deficient application to the Township Committee. The judge observed that the Committee can reasonably rely on the Township's reviewing officials to ascertain whether an application fails to comply with the distance requirement, and that it was not necessary for the Committee members to review the applications themselves and personally be involved with such "minutia[e]."

8

On appeal, M.T.S. essentially repeats the same arguments it made in the trial court seeking to overturn the Township's rejection of its application. M.T.S. asserts that the Township's actions were arbitrary, capricious, and unreasonable, and did not strictly comply with the review procedures set forth in the Ordinance. Having considered these arguments, we affirm the trial court's summary judgment ruling, substantially for the sound and perceptive reasons that Judge Cassidy articulated in her oral decision.

As Judge Cassidy appropriately recognized, municipalities are afforded considerable discretion in exercising their delegated powers. Quick Check Food Stores v. Twp. of Springfield, 83 N.J. 438, 447 (1980). Generally, our courts are not to "substitute an independent judgment" for municipal bodies' decisions; nor are we to "trespass on their administrative work." Charlie Brown of Chatham, Inc. v. Bd. of Adjustment, 202 N.J. Super. 312, 321 (App. Div. 1985) (quoting Kramer v. Bd. of Adjustment, 45 N.J. 268, 296 (1965)).

The policy objectives expressed in a municipal ordinance, like other municipal determinations, deserve a presumption of validity, provided they are within the scope of a municipality's delegated powers. Bryant v. City of Atlantic City, 309 N.J. Super. 596, 610-11 (App. Div. 1998). Here, the Township's towing license ordinance is clearly within the orbit of authority delegated by the

Legislature in N.J.S.A. 40:48-2.49, and is non-discriminatory and non-exclusionary in nature. Judge Cassidy rightly found the two-mile radius contained in the Ordinance is neither arbitrary nor capricious. It is an objective standard designed to assure prompt towing responses to accident scenes and is not discriminatory.[3]

We agree with the trial judge that the manner in which the Township officials reviewed the towing applications, although it apparently did not involve a specific "recommendation" from the Police Department or review by the Business Administrator, was not materially defective. The Township Committee reasonably relied upon its officials to sift through the applications and present for approval only those that warranted consideration. Given the Township's past history of strict enforcement of the distance requirement, it was not arbitrary, capricious, or unreasonable to consider M.T.S.'s non-compliant location – almost a mile beyond the limit – to represent more than a "minor" deviation.

---

[3] We are unpersuaded that the Township's issuance of licenses to other applicants who had deviations from certain non-distance requirements reflects discriminatory treatment. There is no evidence the Township has ever waived or excused the distance requirement.

A-2911-17T3

We have considered all of appellant's remaining arguments and find they lack sufficient merit to warrant discussion here.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION